UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EULA SCURLARK, individually and on behalf of a class of similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>AFNI, INC.,<br><br>　　　　　　Defendant. | Case No.  1:20-cv-01206<br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff EULA SCURLARK, individually and on behalf of all others similarly situated, by and through undersigned counsel, and brings this Class Action Complaint against AFNI, INC.:

**I. Parties, Jurisdiction and Venue**

1.　　Plaintiff EULA SCURLARK ("Plaintiff") is a resident of Grand Prairie, Texas and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

2.　　Federal subject matter jurisdiction exists pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331 and 1337.

3.　　Defendant AFNI, INC. (at times "Defendant") is incorporated in the State of Illinois, employees persons in the State of Illinois to collect debts and maintains its principal place of business and headquarters in Bloomington, Illinois. Defendant's agent for service of process is CT Corporation, 208 S, LaSalle St. Suite 814, Chicago, IL 60604.

4.　　Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA because its principal purpose is the purchase of and collection of consumer debts and routinely uses the United States Postal Service for the collection of consumer debts.

1

5. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

6. Venue is also proper in this District pursuant to § 1391(b) because Defendant is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction, including accepting payments at a Bloomington, Illinois address.

## II.   Allegations Regarding the Subject Collection Notice Dated 2/12/2020

7. In an attempt to collect a purported debt, Defendant sent a letter to Plaintiff dated February 12, 2020 (hereafter the "Collection Notice").

8. A true and accurate image of the upper portion of Collection Notice is depicted below:



9. When Defendant mailed or caused the Collection Notice to be mailed to Plaintiff, Defendant regarded Plaintiff as being a "consumer" as this term is defined by

15 U.S.C. § 1692a(3) because Defendant regarded her as a "person obligated or allegedly obligated to pay" a debt purportedly owed to "AT&T U-VERSE" (hereafter the "Subject Debt").

10. The below image is the entire front page of the Collection Notice.



11. Plaintiff disputes that "AT&T U-VERSE" is the actual creditor of the Subject Debt.

3

12.     As reflected by the below screen capture taken of a search result from the Illinois Secretary of State's website search engine, "AT&T U-VERSE" is not a recognized legal entity by the Office if the Illinois Secretary of State:



13.     Instead, as reflected by screen captures taken of search results from the Illinois Secretary of State's website search engine, dozens of entities starting with "AT&T" are listed as a result of typing the words "AT&T":





14.     The following search results demonstrate that "AT&T U-VERSE" is not a recognized entity when searching for corporations on the State of Texas' search engine



15.     Although Plaintiff cannot confirm that the amount list for the Subject Debt is completely accurate as the amount may incur improper fees or charges, Plaintiff can confirm that any *lawful* charges that make up the Subject Debt (subject to a reduction

5

for any improperly added fees or charges) were incurred for personal and household expenses.

16. Because of unforeseeable financial difficulties, Plaintiff was unable to pay the Subject Debt.

17. As depicted in the above image, the upper left former of the Collection Notice contains Defendant's logo and name, and below Defendant's name is a rounded below with the heading "WHAT IS MY ACCOUNT INFORMATION?" in bold font ("Account Information Box").

18. The first line contained within the Account Information Box contains the word "Creditor" and directly next to "Creditor" is "AT&T U-VERSE".

19. The second line contained within the Account Information Box contains the words "Creditor Account" and directly next to "Creditor Account" are a series of numbers.

20. The third line contained within the Account Information Box contains the words "Afni, Inc. Account" and directly next to "Afni, Inc. Account" are a series of numbers.

21. The fourth line contained within the Account Information Box contains the words "BALANCE DUE" and thereafter an amount of $324.06 is listed.

22. Next to Account Information Box is the body of the Collection Notice and the first paragraph of the body of the Collection Notice states as follows:

> Your AT&T U-VERSE account has been referred to Afni, Inc. for collection. In an effort to assist you, we are willing to accept $178.23 to resolve your account. Once you pay this discounted amount, your account will be closed and marked as *settled in full* with Afni, Inc. and AT&T U-VERSE.

(Emphasis supplied).

23. Below the above quoted words, the Collection Notice states:

**\*\*\*Discounted Offer: $178.23\*\*\***

24. Below the above quoted words, the Collection Notice states:

    We are committed to helping you resolve your debt. Please contact us.

25. The bottom of the Collection Notice contains a payment stub which instructed "Make payments payable to Afni, Inc." and listed Defendant's P.O. Box in Bloomington, Illinois.

26. Below the above quoted words, the Collection Notice recites certain statutory disclosures requited by § 1692g(a) of the FDCPA, and in particular, §§ 1692g(a)(2)-(5).

27. Section 1692g(a)(2) requires debt collectors to identify "the name of the creditor to whom the debt is owed".

28. Section 1692g(a)(3) requires debt collectors to provide:

    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

29. Section 1692g(a)(4) requires debt collectors to provide:

    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]

30. Section 1692g(a)(5) requires debt collectors to provide:

    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### III.    Defendant Violated Sections 1692e, e(2)(A), e(10) and f of the FDCPA

31. Section 1692e of prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt".

32. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

33. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

34. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Plaintiff is an unsophisticated consumer. *See, Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (holding that "our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer").

36. When credit reporting takes place, an account is paid "in full" and reported as a payment in full by a credit furnisher or debt collector account.

37. In contrast, a consumer's payment of a discounted settlement offer is reported by a credit furnisher or debt collector as a settlement *for less than the full amount of the debt*. This second type of reporting is not a favorable method of reporting the closing of a debt.

38. Defendant's Collection Notice does not explicitly state that if Plaintiff paid the settlement amount that Defendant would report the debt as "settled in full, for less than the full balance", which is plausibly how the payment would be reflected to, and by, a credit reporting agency.

39. By stating the effect of a discounted payment will be credit reported as "settled in full," the Collection Notice falsely and deceptively describes misleading, confusing, contradictory terms, unfair or false terms.

40. A common understanding with unsophisticated consumers of the term "settled," means a payment of less than a full amount of the debt. By using the phrase "settled in full", the Collection Notice letter violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f. A collection letter is materially misleading if it is open to more than one interpretation, one of which is false.

41. The phrase "[o]nce you pay this discounted amount, your account will be closed and marked as *settled in full* with Afni, Inc. and AT&T U-VERSE" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f because only Defendant could report any settlement of the Subject Debt because AT&T U-VERSE (a non-existent entity) could not credit report the Subject Debt.

42. Further, phrase "[o]nce you pay this discounted amount, your account will be closed and marked as *settled in full* with Afni, Inc. and AT&T U-VERSE" violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f because neither Defendant nor AT&T U-VERSE (a non-existent entity) could not report the payment of portion of the full amount of a debt as "settled in full". Further the above quoted constitutes a "false, deceptive, or misleading representation or means in connection with the collection of [a] debt"

43. Plaintiff wanted to dispute and verity the amount of the Subject Debt as is her right as afforded §§ 1692g(a)(3) and 1692g(a)(4). Plaintiff, however, was confused as to whether the settlement offer would expire during the time periods listed on the face of the Collection Notice. Plaintiff was also worried that Defendant would not honor or otherwise renew the settlement offer if she attempted to dispute the debt and seek verification.

44. Further, because the Collection Notice did not identify a proper legal entity, pursuant to the rights afforded by § 1692g(a)(5), Plaintiff wanted to learn the correct

legal name of the debt collector. Plaintiff, however, was confused as to whether the settlement offer would expire during the time periods listed on the face of the Collection Notice. Plaintiff was also worried that Defendant would not honor or otherwise renew the settlement offer if she attempted to dispute the debt and seek verification.

45. Defendant's Collection Notice violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f by offering of a discounted payment option in Defendant's initial communication to a consumer before the expiration of the rights afforded to a consumer by §§ 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

46. The Collection Notice identified "AT&T U-VERSE" as the creditor.

47. The Collection Notice violated § 1692g(a)(2) by identifying "AT&T U-VERSE".

48. The Collection Notice does include the phrase "[w]e are not obligated to renew any offers provided" or any similar type disclaim regarding whether the settlement offer would or could be extended or renewed.

49. The Collection Notice violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f because it does include any language indicating that a consumer's *invocation of the statutory rights* afforded by Sections 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) would not impact the proposed settlement offer.

50. The Collection Notice violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f because it does include any language indicating that a consumer could except the proposed settlement offer after Defendant responded to a *consumer's invocation of any of the rights* afforded by Sections 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

51. Because of Defendant's false, deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

52. The Collection Notice is a template letter. Based upon an analysis of collection activities engaged in by Defendant and lawsuits reviewed in LexMachina and PACER, more that forty persons with addresses located within this Judicial District and more that forty persons with addresses located within the State of Texas were sent the same for Collection Notice.

53. The factual and legal issues related to Defendant mailing of similarly formatted letters are common and typical of the proposed class members.

54. Plaintiff will serve as an adequate class representative and suffers from no unique defenses that would not be otherwise faced by putative class members.

55. Plaintiff is represented by attorneys well acquainted in prosecuting violations of the FDCPA as well as class action litigation. For example, attorney James C. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

56. Further, as an associate and partner of Hinshaw & Culbertson, LLP, a prominent law firm in the defense of the debt collection industry, Mr. Vlahakis defended well over a hundred FDCPA based claims since 1998.

57. Plaintiff's counsel understand how to approach class-action based settlements. For example, as a former defense attorney, Mr. Vlahakis worked with opposing counsel to present courts with agreed proposed class action settlements. *See, e.g., Prater v. Medicredit, Inc.*, 2014-cv-0159, 2015 U.S. Dist. LEXIS 167215 (E.D. Mo. Dec. 7, 2015) ($6.3 million dollar TCPA based automated dialing system wrong party settlement); *Wood v. State Collection Service, Inc.*, 15-cv-0475 (S.D. Ind. January 29,

2016) (granting approval of an FDCPA class action settlement);*Long v. Fenton & McGarvey Law Firm,* (S.D. Ind. February 23, 2017) (same).

58. Further, Plaintiff's counsel understand alternative approaches to litigating class actions. For example, after causing an insurer to reverse the denial of insurance coverage in a pair of junk-fax based putative class action against to suburban based mortgagee company, Crown Mortgage Company ("Crown"), *see, Irish Sisters, Inc. v. Crown Mortgage Company*, 09-CH-10688 (Cook Co.) and *Lanciloti Law Office v. Crown Mortgage Company*, 09-CH-31582 (Cook Co.) ,Mr. Vlahakis filed a petition for declaratory relief before the Federal Communication Commission ("FCC") where he obtained favorable declaratory relief for Crown. See, FCC's Order of October 30, 2014, FCC 14-164, in CG Docket Nos. 02-278 and 05-338.[1]

59. Plaintiff's counsel will be responsive to the common defenses raised to oppose certification. For example, Mr. Vlahakis defeated certification efforts in the following cases. *See, Jamison v. First Credit Servs.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013) (defeating a bid to certify TCPA cell phone based class certification motion); *Pesce v. First Credit Servs.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012)(decertifying a previously certified TCPA class action).

60. As a prosecutor of FDCPA class actions on behalf of consumers, Mr. Vlahakis obtained a partial reversal of a motion dismissing a proposed FDCPA class action in the case of *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020).

61. Lastly, Mr. Vlahakis' firm has the available resources to provide notice to putative class members and to litigate this case to trial.

**IV.    Causes of Action**

---

[1] https://docs.fcc.gov/public/attachments/FCC-14-164A1.pdf+&cd=1&hl=en&ct=clnk&gl=us

**Count I – The Collection Notice Violates Section 1692e of the FDCPA**

62. Plaintiff EULA SCURLARK realleges the above paragraphs as though fully set forth herein.

63. The FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

64. As set forth above, the Collection Notice constitutes a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt.

65. The proposed District based Section 1692e class is defined as follows:

> All persons with mailing addresses within the State of Illinois and the State of Texas who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

66. Alternatively, if sufficient numerosity does not exist relative to the above proposed class and other equitable factors exist, the proposed Nationwide Section 1692e class is defined as follows:

> All persons with mailing addresses within the United States who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

**WHEREFORE**, Plaintiff EULA SCURLARK respectfully requests that this Honorable Court:

    a. declare that the form of the Collection Notice violated Section 1692e;

    b. award Plaintiff statutory damages of $1,000;

    c. award class members maximum statutory damages; and

    d. award costs and reasonable attorney's fees pursuant to §1692k.

**Count II – The Collection Notice Violates Section 1692e(2)(A) of the FDCPA**

67. Plaintiff EULA SCURLARK incorporates realleges the above paragraphs as though fully set forth herein.

68. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

69. As set forth above, the Collection Notice constitutes a false representation of the character and/or legal status of the Subject Debt.

70. The proposed District based Section 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within the State of Illinois and the State of Texas who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

71. Alternatively, if sufficient numerosity does not exist relative to the above proposed class and other equitable factors exist, the proposed Nationwide Section 1692e class is defined as follows:

> All persons with mailing addresses within the United States who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

**WHEREFORE**, Plaintiff EULA SCURLARK respectfully requests that this Honorable Court:

a. declare that the form of the Collection Notice violated §1692e(2)(A);

b. award Plaintiff statutory damages of $1,000;

c. award class members maximum statutory damages; and

d. award costs and reasonable attorney's fees pursuant to §1692k.

**Count III – The Collection Notice Violates Section 1692e(10)(A) of the FDCPA**

72. Plaintiff EULA SCURLARK incorporates realleges the above paragraphs as though fully set forth herein.

73. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

74. As set forth above, the Collection Notice constitutes the use of a false representation or deceptive means to collect or attempt to collect the Subject Debt.

75. The proposed District based Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within the State of Illinois and the State of Texas who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

76. Alternatively, if sufficient numerosity does not exist relative to the above proposed class and other equitable factors exist, the proposed Nationwide Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within the United States who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

**WHEREFORE**, Plaintiff EULA SCURLARK respectfully requests that this Honorable Court:

a. declare that the form of the Collection Notice violated § 1692e(10);

b. award Plaintiff statutory damages of $1,000;

c. award class members maximum statutory damages; and

d. award costs and reasonable attorney's fees pursuant to §1692k.

**Count IV – The Collection Notice Violates Section 1692f of the FDCPA**

77. Plaintiff EULA SCURLARK incorporates realleges the above paragraphs as though fully set forth herein.

78. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

79. As set forth above, the Collection Notice constitutes an unfair or unconscionable means to collect or attempt to collect the Subject Debt.

80. The proposed District based Section 1692f class is defined as follows:

> All persons with mailing addresses within the State of Illinois and the State of Texas who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

81. Alternatively, if sufficient numerosity does not exist relative to the above proposed class and other equitable factors exist, the proposed Nationwide Section 1692f class is defined as follows:

> All persons with mailing addresses within the United States who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

**WHEREFORE**, Plaintiff EULA SCURLARK respectfully requests that this Honorable Court:

    a. declare that the form of the Collection Notice violated Section 1692f;

    b. award Plaintiff statutory damages of $1,000;

    c. award class members maximum statutory damages; and

    d. award costs and reasonable attorney's fees pursuant to §1692k.

**Count V – The Collection Notice Violates Section 1692g(a)(2) of the FDCPA**

82. Plaintiff EULA SCURLARK realleges the above paragraphs as though fully set forth herein.

83. As set forth above, the Collection Notice violates Section 1692g(a)(2).

84. The proposed District based Section 1692g(a)(2) class is defined as follows:

> All persons with mailing addresses within the State of Illinois and the State of Texas who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

85. Alternatively, if sufficient numerosity does not exist relative to the above proposed class and other equitable factors exist, the proposed Nationwide Section 1692e class is defined as follows:

> All persons with mailing addresses within the United States who were mailed the form Collection Notice depicted in this Complaint in an attempt to collect a debt owed where the original creditor was AT&T U-VERSE.

**WHEREFORE**, Plaintiff EULA SCURLARK respectfully requests that this Honorable Court:

a. declare that the form of the Collection Notice violated Section 1692g(a)(2);

b. award Plaintiff statutory damages of $1,000;

c. award class members maximum statutory damages; and

d. award costs and reasonable attorney's fees pursuant to §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of

Plaintiff EULA SCURLARK individually
and on behalf of all others similarly situated,

*/s/James C. Vlahakis*
James Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave.,
Suite 200
Lombard, IL 60148
(630) 575 - 8181
Email: jvlahakis@sulaimanlaw.com

Date: 5/30/2020